PHILIP BAKER and MARY BAKER, His Wife, Respondents, *v.* ADDISON JOHNSON, Appellant.

Second Department, May 25, 1917.

**Waters and watercourses — presumption of title to lands below high-water line — real property — eviction by paramount title — action for breach of warranty — damages.**

The title to lands wholly below the high-water line is presumptively in the State.

Where the Legislature has granted lands below the high-water line to a village, which has laid out across the same a street, a person claiming title thereto is evicted and is entitled to damages for breach of a covenant of warranty.

The expense of defending or attempting to uphold letters patent of lands under water, adjacent to lands conveyed by defendant to the plaintiff, cannot be recovered as damages in an action for breach of covenant of warranty.

•APPEAL by the defendant, Addison Johnson, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Westchester on the 10th day of October, 1916, upon the decision of the court, a jury having been waived.

The action is to recover for a breach of defendant's covenants of seizin, quiet enjoyment and warranty, in his deed made May 20, 1902.

Such deed granted lots 6 and 7 as shown upon a map referred to. Although laid out on the map as on the westerly side of Port Chester creek, which was an arm or branch of Byram river in Westchester county, the lots appear to have been lands formerly covered at high tide. They were conveyed to one of the plaintiffs, Philip Baker, or Becker, who, on August 18, 1908, petitioned and obtained a land grant from the State of contiguous lands under water measuring 3,233½ superficial feet.

On May 18, 1912, at the instance of Mrs. Bridget Wenkenbach (whose lands were on the eastern side of this creek), the Attorney-General instituted a suit to cancel this State grant, of which written notice was given to defendant. Judgment having been rendered annulling this grant or patent on March 26, 1914, the Legislature on March 10, 1914, ceded these lots to the village of Port Chester for highway purposes. (Laws of 1914, chap. 23, amdg. Laws of 1911, chap. 518, § 1.) Since then, the lands have been completely filled in and graded, and the village has run a street called Palmer place across the former site of these lots. Plaintiffs, having thus been evicted from the granted lands, by the judgment under review recovered as damages the original consideration paid, with six years' interest, together with plaintiffs' legal expenses incurred in the unsuccessful defense of the proceedings to annul their land grant.

*Frederick W. Sherman,* for the appellant.

*De Witt H. Lyon,* for the respondents.

PUTNAM, J.:

The judgment annulling the land grant from the State applied to land adjoining the two lots which defendant had

conveyed with covenants. Under the allegations in that proceeding, of which suit defendant had due notice, it seems clear that the judgment vacating the grant established that the lands conveyed by defendant were not "uplands," but land beyond high-water mark, although then partially filled in. However, the actual physical condition and origin of these lots does not depend wholly on that judgment. It is proved by uncontradicted testimony in the present suit, to the effect that both lots conveyed were wholly below the easterly high-water line of this arm of Byram river. The title to such lands, therefore, was presumptively in the State, and not in defendant or his predecessors. As the Legislature has granted these lands to the village of Port Chester, which has laid out across the property a street known as "Palmer Place," an eviction from the warranted lands by paramount title has been established. Against this actual eviction, the alleged Colonial charter of 1720 cannot avail the appellant.

The expense of defending or attempting to uphold the letters patent of the lands under water (which are not the lots conveyed, but only adjacent thereto), should not have been recovered, as damages for breach of the covenant of warranty. Such a patent, though based on ownership claimed of this upland, was not a part of the conveyed lands, but was obtained by an independent attempt to acquire State lands, which has failed. Plaintiffs' expense in resisting the State's suit to annul and vacate the patent of such adjacent lands, therefore, was not incurred in defending the possession of the lands warranted. Hence such outlays were not properly recoverable under defendant's covenants.

The judgment should, therefore, be reduced to the sum of $470, the original consideration, with six years' interest and costs in the court below. As thus modified, the judgment should be affirmed, without costs to either party on this appeal.

JENKS, P. J., STAPLETON, MILLS and BLACKMAR, JJ., concurred.

Judgment reduced to $470, the original consideration, with six years' interest, and costs in the court below; and as thus modified affirmed, without costs to either party on this appeal.